IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEIJIN LIMITED, TEIJIN PHARMA LIMITED, and TAKEDA PHARMACEUTICALS U.S.A., INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALKEM LABORATORIES LIMITED and ASCEND LABORATORIES, LLC, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No._____ |

## **COMPLAINT**

Plaintiffs Teijin Limited ("Teijin Ltd."), together with its subsidiary Teijin Pharma Limited ("Teijin Pharma Ltd.") (collectively, "Teijin"), and Takeda Pharmaceuticals U.S.A., Inc. ("Takeda") (collectively, "Plaintiffs"), for their Complaint against Defendants Alkem Laboratories Limited ("Alkem Ltd.") and Ascend Laboratories, LLC ("Ascend") (collectively, "Alkem" or "Defendants"), hereby allege as follows:

## **PARTIES**

1. Plaintiff Teijin Ltd. is a Japanese corporation, having its principal place of business at 2-4, Nakanoshima 3-chome, Kita-ku, Osaka 530-8605, Japan.

2. Plaintiff Teijin Pharma Ltd. is a Japanese corporation, having its principal place of business at 2-1, Kasumigaseki 3-chome, Chiyoda-ku, Tokyo 100-8585, Japan.

3. Plaintiff Takeda is a Delaware corporation, having its principal place of business at One Takeda Parkway, Deerfield, Illinois 60015.

4.     Upon information and belief, Alkem Ltd. is a corporation organized and existing under the laws of India, having a place of business at Devashish Building, Alkem House, Senapati Bapat Road, Lower Parel, Mumbai 400013, Maharashtra, India.

5.     Upon information and belief, Ascend is a wholly owned subsidiary of Alkem Ltd., and is a company organized and existing under the laws of the State of New Jersey, having a principal place of business at 339 Jefferson Road, Suite 101, Parsippany, New Jersey 07054.

6.     Upon information and belief, Ascend is an agent or affiliate of Alkem Ltd. and is acting as the agent of Alkem Ltd. with respect to Abbreviated New Drug Application ("ANDA") No. 212924.

7.     Upon information and belief, Ascend markets, distributes, sells, and/or offers for sale generic drugs throughout the United States and in Delaware at the direction of, under the control of, in concert with, and for the direct benefit of Alkem Ltd.

8.     Upon information and belief, Ascend assisted in the preparation and submission of ANDA No. 212924, which was done at the direction of, under the control of, in concert with, and for the direct benefit of Alkem Ltd.

9.     Upon information and belief, Alkem Ltd., by itself and/or through its wholly owned subsidiary, Ascend, develops, manufactures, imports, markets, and/or distributes generic versions of branded pharmaceutical products for sale and use throughout the United States, including in this Judicial District.

**NATURE OF THE ACTION**

10.     This is a civil action for infringement of United States Patent Nos. 7,361,676 ("the '676 patent"), 8,372,872 ("the '872 patent"), and 9,107,912 ("the '912 patent") (collectively, the "patents-in-suit").   This action arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

**JURISDICTION AND VENUE**

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Alkem Ltd. and Ascend by virtue of, *inter alia*, the fact that Alkem Ltd. and Ascend have committed, or aided, abetted, contributed to, or participated in the commission of, the tortious act of patent infringement under 35 U.S.C. § 271(e)(2), which has led and/or will lead to foreseeable harm and injury to Plaintiffs, including Plaintiff Takeda, a Delaware corporation.   This Court has personal jurisdiction over Alkem Ltd. and Ascend for the additional reasons set forth below and for other reasons that will be presented to the Court if jurisdiction is challenged.

13.     Upon information and belief, Alkem Ltd. and/or Ascend have submitted, either directly or through an agent acting at their direction, numerous ANDAs to the United States Food and Drug Administration ("FDA").

14.     Upon information and belief, Alkem Ltd. and/or Ascend have received numerous approvals for pharmaceutical products and sell pharmaceutical products throughout the United States, including in this Judicial District.

15.     Upon information and belief, Alkem Ltd., alone and/or together with its affiliate and agent Ascend, filed ANDA No. 212924 ("Alkem's ANDA") with the FDA seeking

3

approval for their proposed tablets containing 40 mg and 80 mg of the active ingredient febuxostat ("Alkem's Generic Products").

16. Upon information and belief, Alkem Ltd. and Ascend are agents of each other, and are acting in concert with each other, with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, including in the State of Delaware, and will do the same with respect to Alkem's Generic Products that are the subject matter of Alkem's ANDA.

17. Upon information and belief, Alkem Ltd. and Ascend, in concert with each other and/or through their affiliates or agents, will market, offer for sale, and/or sell Alkem's Generic Products upon final approval of Alkem's ANDA by the FDA, with the reasonable expectation or knowledge and intent that such products will ultimately be purchased and used by consumers in the United States, including in this Judicial District.

18. This Court has personal jurisdiction over Alkem Ltd. because it has previously availed itself of the jurisdiction of this Court by filing counterclaims in this district and did not contest personal jurisdiction or venue in actions brought in this Judicial District. *See, e.g.*, *Medicis Pharm. Corp. v. Alkem Labs. Ltd.*, 12-cv-1663; *Pfizer Inc., et al. v. Alkem Labs. Ltd.*, 13-cv-1110; *Sanofi & Sanofi-Aventis U.S. LLC v. Alkem Labs. Ltd., et al.*, 14-cv-0292; *Acorda Therapeutics, Inc., et al. v. Alkem Labs. Ltd., et al.*, 14-cv-0917; *Shire Dev. LLC, et al. v. Alkem Labs. Ltd*, 16-cv-0747; *Amgen Inc. v. Alkem Labs. Ltd.*, 17-cv-0815; *Biogen Int'l GmbH, et al. v. Alkem Labs. Ltd., et al.*, 17-cv-0850; *Insys Therapeutics, Inc., et al. v. Alkem Labs. Ltd., et al.*, 17-cv-1419; *H. Lundbeck A/S, et al. v. Alkem Labs. Ltd., et al.*, 18-cv-0089; *BIAL – Portela & CA S.A., et al. v. Alkem Labs. Ltd., et al.*, 18-cv-0304; *Horizon Medicines LLC v.*

*Alkem Labs. Ltd.*, 18-cv-1014; *Boehringer Ingelheim Pharms. Inc., et al. v. Alkem Labs. Ltd.*, 18-cv-1738.

19.     This Court has personal jurisdiction over Ascend because it has previously availed itself of the jurisdiction of this Court by litigating civil actions initiated in this Judicial District.  *See, e.g., Medicis Pharm. Corp. v. Alkem Labs. Ltd.*, 12-cv-1663; *Sanofi & Sanofi-Aventis U.S. LLC v. Alkem Labs. Ltd., et al.*, 14-cv-0292; *Acorda Therapeutics, Inc., et al. v. Alkem Labs. Ltd., et al.*, 14-cv-0917.

20.     Upon information and belief, Alkem Ltd. has a wholly owned subsidiary, S&B Pharma, Inc. ("S&B Pharma"), which is a corporation organized and existing under the laws of Delaware.  Upon information and belief, S&B Pharma has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its registered agent for the receipt of service of process.

21.     Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Alkem Ltd. in this action, this Court may exercise jurisdiction over Alkem Ltd. pursuant to Fed. R. Civil P. 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Alkem Ltd. is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Alkem Ltd. has sufficient contacts with the United States as a whole, including but not limited to submitting various ANDAs to the FDA, and manufacturing and selling active pharmaceutical ingredients that are used in pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Alkem Ltd. satisfies due process.

22.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**THE PATENTS-IN-SUIT**

23.     On April 22, 2008, the '676 patent, titled "Solid Preparation Containing Single Crystal Form," was duly and legally issued.  A copy of the '676 patent is attached as Exhibit A.

24.     Teijin Ltd. is the owner of the '676 patent.  Teijin Pharma Ltd. and Takeda hold exclusive licenses with respect to the '676 patent.

25.     On February 12, 2013, the '872 patent, titled "Methods For Concomitant Treatment of Theophylline and Febuxostat," was duly and legally issued.  A copy of the '872 patent is attached as Exhibit B.

26.     Takeda is the owner of the '872 patent.

27.     On August 18, 2015, the '912 patent, titled "Methods For Concomitant Treatment of Theophylline and Febuxostat," was duly and legally issued.  A copy of the '912 patent is attached as Exhibit C.

28.     Takeda is the owner of the '912 patent.

**ACTS GIVING RISE TO THIS ACTION**

29.     Takeda holds New Drug Application ("NDA") No. 21-856 for oral tablets containing 40 mg or 80 mg of the active ingredient febuxostat.  Takeda markets and sells these tablets in the United States under the brand name "Uloric®."

30.     Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA's publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (also known as the "Orange Book") as covering Uloric® or its use.

31.     Upon information and belief, Alkem submitted ANDA No. 212924 to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)).  Upon

information and belief, Alkem's ANDA seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale of Alkem's Generic Products prior to the expiration of the patents-in-suit.

32.    Upon information and belief, pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act, Alkem certified in ANDA No. 212924 that the claims of the patents-in-suit are invalid or would not be infringed by the commercial manufacture, use, offer for sale, or sale of Alkem's Generic Products.

33.    Plaintiffs received written notification of Alkem's ANDA and its accompanying § 505(j)(2)(A)(vii)(IV) certification by letter dated March 15, 2019 ("Alkem's Notice Letter").

34.    Alkem's Notice Letter contains limited information about the crystal form or forms of the febuxostat materials for which Alkem filed ANDA No. 212924.

35.    The information relating to Alkem's Generic Products provided to Plaintiffs does not demonstrate that the product Alkem is asking the FDA to approve for sale will not fall within the scope of an issued claim of the patents-in-suit.

36.    Alkem's Notice Letter does not refer to a certification with respect to United States Patent No. 6,225,474 ("the '474 patent"), and does not provide any detailed statement with regard to the '474 patent.  Accordingly, upon information and belief, Alkem's ANDA contains a "Paragraph III" certification with respect to the '474 patent pursuant to 21 U.S.C. § 505(j)(2)(A)(vii)(III).  The expiration date of the '474 patent is June 18, 2019.

37.    This action is being commenced within 45 days of receipt of Alkem's Notice Letter.

## INFRINGEMENT OF THE '676 PATENT

38.    Plaintiffs re-allege paragraphs 1-37 as if fully set forth herein.

39.    By seeking approval of Alkem's ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of Alkem's Generic Products prior to the expiration of the '676 patent, including filing its § 505(j)(2)(A)(vii)(IV) certification, Alkem has infringed one or more claims of the '676 patent under 35 U.S.C. § 271(e)(2)(A).

40.    If Alkem manufactures, uses, offers to sell, or sells within the United States, or imports into the United States Alkem's Generic Products prior to the expiration of the '676 patent, subject to any patent term extension or exclusivity for the '676 patent to which Plaintiffs are or become entitled, Alkem will infringe one or more claims of the '676 patent under 35 U.S.C. § 271.

41.    Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order from this Court that the effective date of the approval of Alkem's ANDA be a date that is not earlier than the expiration date of the '676 patent, subject to any patent term extension or exclusivity for the '676 patent to which Plaintiffs are or become entitled.

42.    Plaintiffs are entitled to a declaration that if Alkem commercially manufactures, uses, offers for sale, or sells Alkem's Generic Products within the United States, imports Alkem's Generic Products into the United States, or induces or contributes to such conduct, Alkem will infringe the '676 patent under 35 U.S.C. § 271.

43.    Plaintiffs will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

8

44.     Upon information and belief, Alkem was aware of the existence of the '676 patent and was aware that the filing of its ANDA and certification with respect to the '676 patent constituted an act of infringement of that patent.

**INFRINGEMENT OF THE '872 and '912 PATENTS**

45.     Plaintiffs re-allege paragraphs 1-44 as if fully set forth herein.

46.     By seeking approval of Alkem's ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of Alkem's Generic Products prior to the expiration of the '872 patent, including filing its § 505(j)(2)(A)(vii)(IV) certification, Alkem has infringed the sole claim of the '872 patent under 35 U.S.C. § 271(e)(2)(A).

47.     Takeda is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order from this Court that the effective date of the approval of Alkem's ANDA be a date that is not earlier than the expiration date of the '872 patent, subject to any patent term extension or exclusivity for the '872 patent to which Takeda is or becomes entitled.

48.     By seeking approval of Alkem's ANDA to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States of Alkem's Generic Products prior to the expiration of the '912 patent, including filing its § 505(j)(2)(A)(vii)(IV) certification, Alkem has infringed one or more claims of the '912 patent under 35 U.S.C. § 271(e)(2)(A).

49.     Takeda is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order from this Court that the effective date of the approval of Alkem's ANDA be a date that is not earlier than the expiration date of the '912 patent, subject to any patent term extension or exclusivity for the '912 patent to which Takeda is or becomes entitled.

50.    Uloric®, as of February 2009, was contraindicated for patients treated with theophylline.    The prescribing information stated "CONTRAINDICATIONS. ULORIC is contraindicated in patients being treated with azathioprine, mercaptopurine, or theophylline," and "Do not take ULORIC if you: . . . take Theophylline (Theo-24®, Elixophyllin®, Theochron®, Theolair®, Uniphyl®)."  Exhibit D.

51.    The prescribing information for Uloric® as revised in February 2009 further stressed the contraindication.  In this regard, the prescribing information stated,

> "*Xanthine Oxidase Substrate Drugs-Azathioprine, Mercaptopurine, and Theophylline*:  Febuxostat is an XO inhibitor.  Drug interaction studies of ULORIC with drugs that are metabolized by XO (e.g., theophylline, mercaptopurine, azathioprine) have not been conducted.  Inhibition of XO by ULORIC may cause increased plasma concentrations of these drugs leading to toxicity.  ULORIC is contraindicated in patients being treated with azathioprine, mercaptopurine, and theophylline *[see Contraindications (4) and Drug Interactions (7)]*.
> . . .
> Theophylline is a CYP1A2 and XO substrate.  Although no ULORIC drug interaction study with theophylline has been conducted, concomitant administration of theophylline with allopurinol, a xanthine oxidase inhibitor at doses ≥600 mg per day, has been reported to increase theophylline plasma concentrations.  Because ULORIC is a xanthine oxidase inhibitor and theophylline is a low therapeutic index drug, ULORIC could inhibit the XO-mediated metabolism of theophylline leading to increased plasma concentrations of theophylline that could induce severe theophylline toxicity."  Exhibit D.

52.    Research leading to the '872 patent and the '912 patent reveals that there is no need to contraindicate co-administration of febuxostat and theophylline.  Co-administration of febuxostat and theophylline can be carried out without adjusting the amount of theophylline administered for adverse drug interactions.  The '872 patent and the '912 patent further disclose that dose adjustment of theophylline is required when it is co-administered with allopurinol.

53.    As a result, Uloric® is no longer contraindicated for patients treated with theophylline.    The prescribing information states "CONTRAINDICATIONS. ULORIC is

contraindicated in patients being treated with azathioprine or mercaptopurine." The prescribing information documents as revised in January 2011, November 2012, August 2017, February 2018, and February 2019 are attached as Exhibits E, F, G, H, and I, respectively.

54. Upon information and belief, Alkem's prescribing information provided with Alkem's Generic Products is expected to carry the same or substantially same contraindications as quoted in paragraph 53.

55. The absence of the above-referenced contraindication in the prescribing information for Uloric® on Alkem's prescribing information, aided by the fact that the use in such population was previously contraindicated, induces the practice of the invention of the '872 patent and/or the '912 patent by a medical practitioner, a patient, or any other person to coadminister or cause the co-administration of febuxostat and theophylline without adjusting the amount of theophylline.

56. The recent and current revisions of Uloric® prescribing information contain express statements that no dose adjustment is necessary. The prescribing information states,

> "*Theophylline*: No dose adjustment is necessary for theophylline when co-administered with ULORIC. Administration of ULORIC (80 mg once daily) with theophylline resulted in an increase of 6% in $C_{max}$ and 6.5% in AUC of theophylline. These changes were not considered statistically significant. However, the study also showed an approximately 400-fold increase in the amount of 1-methylxanthine (one of the major theophylline metabolites) excreted in urine as a result of XO inhibition by ULORIC. The safety of long-term exposure to 1-methylxanthine has not been evaluated. This should be taken into consideration when deciding to co-administer ULORIC and theophylline.
> . . .
> ULORIC is an XO inhibitor. Based on a drug interaction study in healthy subjects, febuxostat altered the metabolism of theophylline (a substrate of XO) in humans *[see Clinical Pharmacology (12.3)].* Therefore, use with caution when coadministering ULORIC with theophylline.
> . . .
> *Xanthine Oxidase Substrate Drugs-Azathioprine, Mercaptopurine, and Theophylline*: Febuxostat is an XO inhibitor. A drug-drug interaction study evaluating the effect of

ULORIC upon the pharmacokinetics of theophylline (an XO substrate) in healthy subjects showed that coadministration of febuxostat with theophylline resulted in an approximately 400-fold increase in the amount of 1-methylxanthine, one of the major metabolites of theophylline, excreted in the urine. Since the long-term safety of exposure to 1-methylxanthine in humans is unknown, use with caution when coadministering febuxostat with theophylline." Exhibits E, F, G, H, and I.

57. Upon information and belief, Alkem's prescribing information to be provided with Alkem's Generic Products is expected to carry the same or substantially same affirmative statements as quoted in paragraph 56. As a result of the removal of theophylline from the contraindications and the addition of the language discussing the co-administration of Uloric® with theophylline, the prescribing information encourages the co-administration of febuxostat and theophylline without adjusting the amount of theophylline.

58. Further, the affirmative statements set forth in paragraph 56 induce the practice of the invention of the '872 patent and/or the '912 patent by a medical practitioner, a patient, or any other person to co-administer or cause the co-administration of febuxostat and theophylline without adjusting the amount of theophylline.

59. For "Dosage and Administration," the recent and current revisions of Uloric® prescribing information state, *inter alia*, that

"ULORIC is recommended at 40 mg or 80 mg once daily. The recommended starting dose of ULORIC is 40 mg once daily. For patients who do not achieve a serum uric acid (sUA) less than 6 mg/dL after 2 weeks with 40 mg, ULORIC 80 mg is recommended." Exhibits D, E, F, G and H.

"The recommended ULORIC dosage is 40 mg or 80 mg once daily. The recommended starting dosage of ULORIC is 40 mg once daily. For patients who do not achieve a serum uric acid (sUA) less than 6 mg/dL after two weeks, the recommended ULORIC dosage is 80 mg once daily." Exhibit I.

60. Upon information and belief, Alkem's prescribing information to be provided with Alkem's Generic Products is expected to carry the same or substantially same dosage and administration statements as quoted in paragraph 59.

61. Claim 1, the sole claim in the '872 patent, states, *inter alia*, that "administering to the hyperuricemic patient suffering from gout a therapeutically effective amount of febuxostat in a dose of 80 mg."

62. The affirmative statements set forth in paragraph 59 will induce the practice of the invention of the '872 patent by a medical practitioner, a patient, or any other person to increase the dosage of febuxostat to 80 mg, such as by administering one 80 mg pill, or two 40 mg pills at the same time.

63. Therefore, for the reasons alleged in paragraphs 50-62 and other reasons that may be subsequently developed, the commercial manufacture, use, offer to sell, sale, or import of Alkem's Generic Products, if approved by the FDA, prior to the expiration of the '872 patent, subject to any patent term extension or exclusivity for the '872 patent to which Takeda or becomes entitled, would induce the infringement of the '872 patent under 35 U.S.C. § 271(b).

64. Takeda is entitled to a declaration that, if Alkem commercially manufactures, uses, offers for sale, or sells Alkem's Generic Products within the United States, imports Alkem's Generic Products into the United States, or induces or contributes to such conduct, Alkem will infringe the '872 patent under 35 U.S.C. § 271(b).

65. Claim 1, the sole independent claim in the '912 patent, states, *inter alia*, that "administering to a patient suffering from hyperuricemia and at least one second disease state, a therapeutically effective amount of [febuxostat] or a pharmaceutically acceptable salt thereof, wherein the subject is also receiving concomitant administration of theophylline to treat the at least one second disease state . . . ."

66. Therefore, for the reasons alleged in paragraphs 50-60 and 65 and other reasons that may be subsequently developed, the commercial manufacture, use, offer to sell, sale,

13

or import of Alkem's Generic Products, if approved by the FDA, prior to the expiration of the '912 patent, subject to any patent term extension or exclusivity for the '912 patent to which Takeda is or becomes entitled, would induce the infringement of the '912 patent under 35 U.S.C. § 271(b).

67.     Takeda is entitled to a declaration that, if Alkem commercially manufactures, uses, offers for sale, or sells Alkem's Generic Products within the United States, imports Alkem's Generic Products into the United States, or induces or contributes to such conduct, Alkem will infringe the '912 patent under 35 U.S.C. § 271(b).

68.     Plaintiffs will be irreparably harmed by Alkem's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

69.     Upon information and belief, Alkem was aware of the existence of the '872 and '912 patents and was aware that the filing of its ANDA and certifications with respect the '872 and '912 patents constituted an act of infringement of those patents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.     That Defendants have infringed the '676, '872, and '912 patents;

B.     That pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 212924 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the expiration of the '676, '872, and '912 patents, including any applicable exclusivities or extensions to which Takeda and/or Teijin are or become entitled;

14

C.    That Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, or importing into the United States Alkem's Generic Products and any other product that infringes or induces or contributes to the infringement of one or more claims of the '676 , '872, and '912 patents prior to its expiration, including any exclusivities or extensions to which Takeda and/or Teijin are or become entitled;

D.    That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action; and

E.    That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

OF COUNSEL:

Preston K. Ratliff II
Bruce M. Wexler
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000

*Attorneys for Teijin Limited and Teijin Pharma Limited*

William F. Cavanaugh, Jr.
Zhiqiang Liu
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036
(212) 336-2000

*Attorneys for Takeda Pharmaceuticals U.S.A., Inc.*

April 26, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com

*Attorney for Plaintiffs*

15